UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:07-221-KKC

LAVONDA J. PEGG,                                                                PLAINTIFF

v.                                        **OPINION AND ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                        DEFENDANT

* * * * * * * *

This matter is before the Court on Motion of the Plaintiff, Lavonda J. Pegg, for an award of attorneys' fees [R. 10]. Plaintiff requests a total award of $1,362.50, representing 10.9 hours of legal work at an hourly rate of $125 per hour. The Defendant, Commissioner Astrue, does not oppose this Motion based on the number of hours requested, and does not contend that his underlying position taken in this litigation was substantially justified. However, he does oppose the hourly rate of $125 sought by Plaintiff. The Commissioner submits that the prevailing market rate for Social Security appeals in the Pikeville Division of the Eastern District of Kentucky is $100 per hour, and that Plaintiff's attorneys' fees award should be assessed at that rate instead. The Commissioner also argues that in the absence of a valid assignment of fees, any attorneys' fees award should be made payable directly to the Plaintiff and not to her counsel.

I.      **Background**

On June 7, 2004, the Plaintiff filed her application for disability insurance benefits and supplemental security income with the Social Security Administration. The Administrative Law Judge [hereinafter, "ALJ"] ultimately denied Plaintiff's disability application on November 30, 2006, and on August 28, 2007, the Appeals Council denied review of this decision. Plaintiff then

challenged the unfavorable disability decision in this Court on October 29, 2007.  Plaintiff

argued that the ALJ erroneously concluded that Plaintiff retained the capacity to perform other

jobs that existed in significant numbers in the national economy, and also that the ALJ

committed procedural errors in rejecting the opinions and restrictions assessed by various

examining and non-examining sources.  The Defendant then filed a Motion for Entry of

Judgment and to Remand.  Defendant argued that remand was necessary for the Social Security

Administration to re-evaluate the medical evidence and to explain the weight accorded to the

medical opinions.

On March 17, 2008, this Court granted the Plaintiff's Motion for Summary Judgment and

the Defendant's Motion for Entry of Judgment and to Remand [R. 8], and entered Judgment for

the Plaintiff [R. 9].  The Court explained that the ALJ's decision was being reversed and

remanded for a re-evaluation of the medical evidence, an explanation of the weight accorded to

the medical opinions, and to consider any new evidence necessary for the proper disposition of

the action.  The action was then dismissed from the active docket of the Court.

Finally, on April 16, 2008, Plaintiff, through her counsel, Julie A. Atkins, filed a Motion

for Attorneys' Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [R. 10].

Plaintiff requested a total fee of $1,362.50, which consists of $125 per hour for 10.90 hours of

work.  Atkins submitted an affidavit with this Motion detailing the specific work done and the

time spent on it, and explained that her regular hourly rate for Social Security Appeals filed in

federal court on or after March 29, 1996 is $125 per hour plus cost of living adjustments.  In

Response, the Commissioner did not argue that Plaintiff was not entitled to an attorneys' fee

award, as he conceded that his position was not substantially justified, and he did not contest the

2

number of hours of work claimed, but he did oppose the claimed hourly rate.  The Commissioner

argued that the prevailing market rate for Social Security Appeals for the Pikeville Division of

the Eastern District of Kentucky is $100 per hour, rather than $125, and that Atkins' legal work

should therefore be compensated at the former rate.  Also, the Commissioner contends that since

the Plaintiff is the prevailing party in this action, the attorneys' fee award should be awarded to

and made payable directly to the Plaintiff, rather than to Plaintiff's counsel, Atkins.  Plaintiff

argues that the $125 hourly rate is appropriate, and that Sixth Circuit Court of Appeals practice is

to award the attorneys' fees to the Plaintiff but to make them payable to the Plaintiff's counsel.

## II.    Hourly Rate

Plaintiff has requested the attorneys' fee award pursuant to the Equal Access to Justice

Act [hereinafter, "EAJA"].  Under the EAJA, the "prevailing party" in an action brought by or

against the United States is entitled to the payment of fees and expenses, unless the position of

the United States in the litigation was "substantially justified" or that "special circumstances

make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

Regarding the amount of attorneys' fees that are payable in a given action, the EAJA

provides as follows:

> The amount of fees awarded under [28 U.S.C. § 2412(d)] shall be based upon prevailing
> market rates for the kind and quality of the services furnished, except that . . . attorney
> fees shall not be awarded in excess of $125 per hour unless the court determines than an
> increase in the cost of living or a special factor, such as the limited availability of
> qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  To determine the appropriate hourly rate for calculating attorneys'

fees under the EAJA, the Court is required to determine the prevailing market rate for the kind

and quality of the legal services furnished.  *See Begley v. Sec'y of Health & Human Servs.*, 966

3

F.2d 196, 200 (6th Cir. 1992).  The prevailing market rate is defined as the rate "which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000).  The Court is required to examine standard fees in the relevant community to determine the prevailing market rate.  *Blum v. Stenson*, 465 U.S. 886, 895; *see also Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997).  Importantly, the fee applicant has the burden of coming forward with evidence that the requested rate is in line with those prevailing in the relevant community for similar legal services by attorneys of reasonably comparable skill, experience, and reputation.  *See Blum,* 465 U.S. at 896 n.11; *Gross v. City of Cleveland Heights*, 1995 U.S. App. LEXIS 10001, at *11 (6th Cir. May 1, 1995).

In this case, Plaintiff has offered no evidence at all that the requested hourly rate of $125 is the prevailing market rate for social security appeals in federal court for the Pikeville Division of the Eastern District of Kentucky.  All that Plaintiff has put forth is her attorney's affidavit, which explains that *her* regular hourly rate for social security appeals in federal court has been $125 since 1996.  However, Plaintiff is required to prove that the prevailing *market* rate for litigating social security appeals in the *Pikeville Division* is $125 per hour, *not* that *her attorney's* rate for filing social security appeals in *federal court (without reference to the specific court division or locale)* is $125 per hour.  This affidavit says nothing about the prevailing market rate for the Pikeville social security docket, it only establishes what Atkins is typically paid.  Moreover, even if this affidavit had spoken to the prevailing market rate, this would not be enough in and of itself to prove that Atkins' assessed hourly rate is appropriate.  "[T]he burden is on the fee applicant to produce satisfactory evidence—*in addition to the attorney's own*

4

*affidavits*—that the requested rates are in line with those prevailing in the community . . . ." *Blum*, 465 U.S. at 896 n.11 (emphasis added).

In addition, the cases that Plaintiff attached to her Reply brief also provide no support for the requested fee of $125 per hour. Plaintiff claims that $125 was established as the hourly rate in London, Kentucky over three years ago, and cites to *Howard v. Barnhart*, Civil Action No. 6:04-CV-042-GWU (E.D. Ky. Apr. 27, 2005) as proof. First of all, the Order cited for this particular case does not state the hourly fee awarded, it only states the total fee amount. *Id.* One can only speculate about what the actual rate was and why Plaintiff assumes that it was $125. Secondly, even if the Order had listed an hourly rate of $125, this would be for the *London Division*, not the Pikeville Division. *Id.* Plaintiff must specifically establish that $125 per hour is the prevailing market rate for the *Pikeville* Division social security docket, and not for any other division of the Eastern District of Kentucky.

Plaintiff also cites to the case of *Hall v. Barnhart*, Civil Action No. 03-84-DLB (E.D. Ky. Jan. 9, 2006) as proof that rates over $100 per hour, the rate submitted by the Commissioner, have been assessed in the Pikeville Division. In *Hall*, a Pikeville Division case, Judge Bunning approved an hourly rate of $150. However, Judge Bunning based this higher rate on the fact that this particular case required more legal work than the typical social security case, as this case also involved an appeal to the Sixth Circuit Court of Appeals. *Id.* at 3. A higher rate than normal was therefore justified for this individual case for atypical reasons. The case certainly did not establish the proposition that rates over $100 per hour is the norm for the Pikeville Division, as Plaintiff seems to imply. Indeed, Judge Bunning even noted in this very case that $100 per hour was the hourly rate routinely awarded in the Pikeville Division at this time. *Id.*

5

The Commissioner, on the other hand, has submitted case law clearly indicating that $100 per hour is the prevailing market rate for the Pikeville Division social security docket. In *Noble v. Astrue*, Civil Action No. 07-33-GWU (E.D. Ky. Mar. 11, 2008), Judge Unthank assessed a $100 attorneys' fee hourly rate for a social security case in the Pikeville Division. This is especially significant since this particular case is from only two months ago, and thus provides a very contemporaneous representation of the prevailing market rate for the Pikeville Division. As has already been noted, the Plaintiff's 2006 case of *Hall v. Barnhart* stated that the normal attorneys' fee rate for Pikeville is $100 per hour. *See Hall*, Civil Action No. 03-84-DLB. Finally, *Adkins v. Astrue*, Civil Action No. 7:05-237-DCR (E.D. Ky. Apr. 6, 2007), which the Defendant cites, very clearly supports $100 per hour as the prevailing market rate for the Pikeville Division. In *Adkins*, Judge Reeves refused to depart from an hourly rate of $100, which he found to be the prevailing social security appeals rate for the Pikeville Division. *Id.* at 7. In reaching this decision, Judge Reeves noted that the plaintiff had provided no evidence that the prevailing rate was greater than $100 for the Pikeville Division, and cited to no less than ten other Pikeville Division cases that utilized $100 per hour as the prevailing market rate. *Id.* at 5-6, 6 n.4.

Plaintiff has not satisfied her burden of proving that the prevailing market rate in the relevant community of Pikeville for similar legal work by attorneys of reasonably comparable skill, experience, and reputation is $125 per hour. The evidence demonstrates that the prevailing market rate is instead $100 per hour. The Court therefore awards the Plaintiff attorneys' fees of $100 per hour times 10.9 hours, for a total fee award of $1,090.00.

### III.    Payment of Attorney's Fees

The Commissioner also contends that since Plaintiff, rather than Plaintiff's counsel, is the "prevailing party" in this action, any attorneys' fee award should be made payable directly to Plaintiff and not to her attorney, absent the submission of a valid written assignment of the award.  Plaintiff instead argues that in the Sixth Circuit, attorneys' fees awards under the EAJA are awarded for the benefit of the claimant, but are payable to the claimant's attorney.  Plaintiff thus concludes that it is proper for the Court to direct payment of the attorneys' fees to Plaintiff's counsel even without the filing of an assignment or other written fee agreement.

In light of the Sixth Circuit Court of Appeals case of *King v. Commissioner of Social Security*, 230 Fed. Appx. 476 (6th Cir. 2007), as well as district court case law interpreting it, the Court must agree with the Plaintiff's position.  It is true, as the Commissioner argues, that the Plaintiff is the actual "prevailing party" within the meaning of the EAJA, rather than the Plaintiff's counsel.  *See Perket v. Sec'y of Health & Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990).  However, *King v. Commissioner of Social Security* makes it clear that in the Sixth Circuit, although attorney's fees awarded under the EAJA are awarded for the benefit of the claimant, they are payable to the attorney.  *See King*, 230 Fed. Appx. at 481 (discussing Federal Circuit's interpretation of the EAJA and noting that "[t]he practice of Sixth Circuit courts is also consistent with this fact").  The *King* Court also cited approvingly to earlier cases within the Sixth Circuit where the courts approved attorney fee awards made directly to the claimant's attorney.  *See id.* at 481-82 (citing *Martin v. Comm'r of Soc. Sec.*, 82 Fed. Appx. 453 (6th Cir. 2003); *Willis v. Sullivan*, 931 F.2d 390 (6th Cir. 1991); *Hull v. Bowen*, 748 F. Supp., 514 (N.D. Ohio 1990); *Giarda v. Sec'y of Health & Human Servs.*, 729 F. Supp. 572 (N.D. Ohio 1989);

7

*Gaffney v. Comm'r of Soc. Sec.*, No. 00-cv-10336, 2004 U.S. Dist. LEXIS 9279 (E.D. Mich. Jan. 13, 2004)).

According to *King* and case law interpreting it, attorney fee awards under the EAJA may be made payable to the attorney only if there is an express or implied agreement between the claimant and his counsel that the fee award will be paid over to counsel. *See id.* at 481; *see also Hickle v. Astrue*, 2008 U.S. Dist. LEXIS 23579, at *12-13 (E.D. Tenn. Mar. 19, 2008). Where the motion for attorney's fees is brought "on behalf of the claimant," there is deemed to be an implied agreement to pay over the attorneys' fees to the claimant's counsel. This was the case in *King*, where the Court reversed the district court's finding that attorney's fees could not be awarded since the attorney was seeking the fees on his own behalf, as the district court believed, rather than on his client's behalf. *See King*, 230 Fed. Appx. at 477-78. According to the *King* Court, the fact that the attorney brought the motion for attorneys' fees in the name of the claimant, signed the motion as "Attorney for Plaintiff," and requested fees for time spent on the underlying litigation of the social security claim was enough to indicate that the attorney was bringing the motion "on behalf of the claimant," contrary to the district court's conclusion. *Id.* at 482; *see also Hickle*, 2008 U.S. Dist. LEXIS 23579, at *13-14 (motion made "on behalf of client" where it was made by plaintiff through counsel; subject to implicit fee agreement where requested fees are for time spent preparing plaintiff's case).

In the present matter, the Motion for Attorney's Fees was brought by Plaintiff's counsel, Julie A. Atkins, who identifies herself in the Motion and signs it as "Attorney for Plaintiff." Moreover, the Motion states that "*Plaintiff* asks for an award of attorney's fees in the amount of $1,362.50 *to be paid to Plaintiff's attorney*." Motion for Attorneys' Fees at 1. Finally, of the

10.9 hours of legal work that Plaintiff requests payment for, based on the itemized list in the attorney's affidavit 10.6 hours were spent on the underlying litigation of the Plaintiff's case, approximately ninety-seven percent of the total, and only 0.3 hours were spent on preparation of the attorney's fee application.  The requested fees are therefore overwhelmingly sought on behalf of Plaintiff for work done directly to promote her interests.  Case law indicates that the fees requested need not be solely and exclusively for work done on the Plaintiff's underlying substantive claim to be considered "on behalf of the plaintiff," and therefore payable to the plaintiff's counsel.  *See Knight v. United States*, 982 F.2d 1573, 1584 (Fed. Cir. 1993) (stating that costs were not recoverable under the EAJA because "this suit was *primarily directed* to [counsel's] own claims, not [client's] personal claims for costs and attorney fees") (emphasis added) (cited to in *King*, 230 Fed. Appx. 476); *see also Fritz v. Principi*, 264 F.3d 1372, 1377 (Fed. Cir. 2001) (fees incurred in the preparation and defense of the attorneys' fees application may be collected under the EAJA); *Se. Legal Def. Group v. Adams*, 657 F.2d 1118, 1126 (9th Cir. 1981) (fees may be awarded for time devoted in successfully defending appeals of or challenges to the district court's award of attorneys' fees under 42 U.S.C. § 1988); *Local 3-98, Int'l Woodworkers v. Donovan*, 580 F. Supp. 714, 716-17 (N.D. Cal. 1984) (fees for work connected to the motion for attorneys' fees may be collected under the EAJA).

Plaintiff's Motion is thus analogous to those determined to be "brought on behalf of the claimant" in *King v. Commissioner of Social Security* and *Hickle v. Astrue*.  The Court concludes that this Motion was brought on behalf of Plaintiff, and as such, the total allowable attorneys' fees of $1,090.00 are payable directly to Plaintiff's counsel, Julie A. Atkins.

**WHEREFORE,** the Court being sufficiently advised, **IT IS HEREBY ORDERED** that:

(1)     Plaintiff's Motion for Attorneys' Fees is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff is awarded $1,090.00 in attorneys' fees, computed as 10.9 hours at an hourly rate of $100; and

(2)     Defendant is **ORDERED** to make the above attorneys' fees award directly payable to Plaintiff's counsel.

Dated this 12th day of May, 2008.

**Signed By:**

_**Karen K. Caldwell**_  *KKC*

**United States District Judge**

10